IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SAVINO BRAXTON, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. JKB-17-601 |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |
| | *** | |

**<u>MEMORANDUM</u>**

Savino Braxton ("Braxton"), a federal inmate currently confined at the Federal Correctional Institution in Fort Dix, New Jersey, has filed a Petition for Writ of Error Coram Nobis seeking to vacate his 2015 conviction and sentence for possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841. ECF 1.[1] Respondent has moved to dismiss the petition (ECF 3) and Braxton has filed a reply. ECF 6. A hearing is not needed to resolve the case. *See* Loc. Rule 105.6 (D. Md. 2016). For reasons stated herein, the petition shall be DENIED and DISMISSED.

Background

On March 1, 2017, Braxton filed a petition for writ of error coram nobis, seeking to set aside his 2015 federal conviction and sentence, alleging that the enhancement of his sentence

---

[1] *See United States v. Braxton*, Criminal No. JKB-09-478 (D. Md.). Braxton specifically directed that the petition not be construed as a motion for habeas corpus relief filed pursuant to 28 U.S.C. § 2255. ECF 1, p. 1.

1

under 21 U.S.C. § 851 was improper.[2] ECF 1-1, p. 3. Specifically, Braxton claims that his 1990 federal conviction for heroin distribution did not qualify as a felony drug conviction that could be used to enhance his 2015 sentence because no quantity of drugs was alleged or proven in his 1990 case. ECF 1-1, pp. 10-12. He also claims that pursuant to a memo written by former United States Attorney General Eric Holder, the United States Attorney should not have sought an enhanced sentence in his case. *Id.*, pp. 13-15; ECF 1-2, pp. 1-3. Lastly, Braxton argues that due to his infection with Hepatitis-C, his decision-making was impaired during the prosecution of his case, causing him to make poor decisions. *Id.*, pp. 17-19.

According to the criminal docket in *United States v. Braxton*, Criminal No. JKB-09-478, on September 9, 2009, Braxton was indicted on one count of possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841. *United States v. Braxton*, Criminal No. JKB-09-478, ECF 8. A Notice of the government's intention to seek an enhanced minimum mandatory sentence, pursuant to 21 U.S.C. § 851, based upon Braxton's 1990 federal conviction for possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a), was filed on November 18, 2012. *Id.*, ECF 49.

Braxton pled guilty before Judge Bennett and was sentenced to a 138-month term of confinement. The conviction and sentence, however, were vacated on April 29, 2015, after Braxton challenged the Rule 11 proceedings. *Id.*, ECF 95. After the case was remanded, the government filed a second § 851 notice of enhanced minimum mandatory sentence, relying on the same 1990 conviction. *Id.*, ECF 100. Braxton proceeded to a jury trial, presided over by the undersigned. He was convicted on July 24, 2015 (ECF 158), and sentenced on November 4,

---

[2] Braxton clarifies in his reply that he seeks to directly attack his 1990 federal conviction for possession with intent to distribute heroin as well as the use of the 1990 federal conviction to enhance his current sentence. ECF 6.

2

2015, to 240 months' imprisonment. ECF 190. His enhanced sentence pursuant to 21 U.S.C. § 841(b)((1)(A) was imposed in accordance with the § 851 Notice filed by the government. *Id*., ECF 100, 185 & 190.

The judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on September 30, 2016. *Id*., ECF 214; *see United States v. Braxton*, 663 F. App'x 253 (4th Cir. 2016), *cert. denied*, *Braxton v. United States*, 137 S. Ct. 1102 (2017).

Analysis

Braxton's challenge to the 1990 conviction, upon which his current sentence enhancement was predicated, is untimely under 21 U.S.C. § 851(e), which provides: "No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."

Braxton's 1990 conviction became final no later than March 6, 1995, when the Supreme Court denied his petition for writ of certiorari. *See Braxton v. United States*, 514 U.S. 1007 (March 6, 1995). The government filed its second Section 851 Notice in *United States v. Braxton*, Criminal No. JKB-09-478 (D. Md.), some ten years later on June 3, 2015 (ECF 100), and he was sentenced pursuant to the Section 851 Notice on November 3, 2015. *Id*., ECF 185. As such, Braxton's challenge to his 1990 federal conviction is time-barred. *See United States v. Dixon*, 398 F. App'x 851, 2010 WL 4033999 (4th Cir. 2010) (unpublished) (holding that because the underlying conviction was obtained in 1996 and the § 851 notice was filed in 2009, the challenge to the predicate offense was "clearly precluded by the five-year statute of limitations in § 851(e)"); *United States v. Mason*, 628 F.3d 123, 133 (4th Cir. 2010) (explaining defendant's

3

challenge to the use of prior convictions based on claims that the convictions were not counselled was "likely barred by the statute of limitations in 21 U.S.C. § 851(e)" because the convictions "occurred more than five years before the government submitted its § 851 information in this case").

Even if Braxton's filing was timely, he is not entitled to coram nobis relief. The writ of error coram nobis is an extraordinary remedy that may be used to correct a fundamental error in a criminal conviction "presenting circumstances compelling its use to achieve justice." *United States v. Denedo*, 556 U.S. 904, 911 (2009) (internal quotation marks omitted); *see also United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). Relief is limited to those petitioners who are no longer in custody pursuant to their convictions, *see Carlisle v. United States*, 517 U.S. 416, 429 (1996), and for whom relief is no longer available by way of an alternative remedy, such as habeas corpus. *See Denedo*, 556 U.S. at 911; *Akinsade*, 686 F.3d at 252. Although federal courts may grant relief from a conviction by way of coram nobis after a petitioner has completed the sentence at issue, s*ee* 28 U.S.C. § 1651 (2006); *United States v. Morgan*, 346 U.S. 502, 512-13 (1954), the Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle*, 517 U.S. at 429.

To be entitled to coram nobis relief, a petitioner must demonstrate that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *United States*

*v. Bazuaye*, 399 F. App'x 822, 2010 WL 4366456, at *1 (4th Cir. 2010) (unpublished) (citing *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987)).

As to his current conviction, Braxton is still serving the sentence that he challenges. Moreover, as to his current conviction, he has "more usual remed[ies]" available to him such as through the filing of a motion pursuant to 28 U.S.C. § 2255. Therefore coram nobis relief is improper.

At sentencing and on appeal of his current sentence, Braxton maintained, as he does here, that the enhancement of his sentence under 21 U.S.C. § 851 was vindictive and violative of the "Holder Memorandum." ECF 174, 179, 173; *United States v. Braxton*, 663 F. App'x 253 (4th Cir. 2016) (unpublished). This court and the Court of Appeals both found that the government's seeking an enhanced sentence in this case was proper. Additionally, as discussed more fully below, Braxton unsuccessfully challenged his 1990 conviction on direct appeal, alleging that he should not have received an enhanced sentence under § 851.

The errors alleged by Braxton are not of the "most fundamental character." Braxton's claim that due to his infection with Hepatitis-C his decision-making was impaired during the prosecution of his case, is not an error of fundamental character that would entitle him to coram nobis relief.

Additionally, Braxton's claim that the 1990 conviction was improper because the conviction did not include a "specific drug quantity" and because no quantity of "actual" heroin was presented in evidence is also unavailing. ECF 1-1, pp. 7-13. For these same reasons, he incorrectly maintains that the conviction cannot be used as a predicate felony drug offense under § 851. *Id*.

In 1990 Braxton was convicted of violating 21 U.S.C. § 841(a), which provides that "[e]xcept as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" Section 841(b)(1)(A) provides for the imposition of an enhanced sentence of a minimum mandatory term of 20 years (with a maximum of life) where the defendant has a prior conviction for "felony drug offense" and pre-trial notice of the government's intention to seek sentencing under § 841 is provided to the defendant pursuant to 21 U.S.C. § 851.

While "felony drug offense" is not defined in §§ 841 or 851, it is defined in § 802(44). The Fourth Circuit has held that since "felony drug offense" is defined in § 802(44) and given that § 841(b)(1)(A) uses that precise term, the logical, commonsense way to interpret "felony drug offense" in § 841(b)(1)(A) is by reference to the definition in § 802(44). *See United States v. Burgess*, 478 F.3d 658, 662 (4th Cir. 2007) (quoting *United States v. Roberson*, 459 F.3d 39, 52 (1st Cir. 2006)).

Section 802(44) states:

The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances.

Braxton's contention that in order to qualify as a "prior felony drug offense" a specified quantity of a controlled substance must be demonstrated is simply in error. In fact, Braxton's allegation on direct appeal of his 1990 conviction, that he was improperly sentenced as a career offender and should not have received an enhanced sentence under § 851, was unavailing. The Fourth Circuit rejected Braxton's contention that the evidence at his 1990 trial was required to

include some quantity of actual heroin in order for his conviction to qualify as a "felony drug offense." *See Braxton v. United States* 39 F.3d 1178 (4th Cir. 1994) (Table), 1994 WL 592674, at *3. The Court found that even without the seizure of any heroin, the evidence was sufficient to support Braxton's conviction for possession with intent to distribute heroin. *Id*. at *2. Simply stated, Braxton is mistaken in his contention that his 1990 conviction for possession with intent to distribute heroin was improper.

He is also mistaken in his argument that the 1990 conviction for possession with intent to distribute heroin could not be used as a § 851 predicate. In order to qualify as a "prior felony drug offense" for use as a § 841 predicate for enhancement under § 851, Braxton's 1990 federal conviction for possession with intent to distribute heroin must be "an offense that (1) is punishable by imprisonment for more than one year under any law of the United States....and (2) prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Braxton's 1990 conviction is a "felony drug offense" as defined by 21 U.S.C. § 802(44) as it satisfies both requirements.

Braxton is not entitled to coram nobis relief. Respondent's motion to dismiss will be granted. The petition will be denied by separate Order and this civil action dismissed.

Dated this 13th day of December, 2017 .

                                          FOR THE COURT:

                                          _____/s/_____
                                          James K. Bredar
                                          Chief Judge